UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PIZZERIA UNO CORPORATION, | : |
| | : |
| Plaintiff, | : |
| | : C.A. NO. |
| v. | : |
| | : |
| INTERFOOD CORPORATION AND MEMORIAL CAPITAL CORP. | |

## COMPLAINT

The Plaintiff, Pizzeria Uno Corporation ("Pizzeria Uno"), brings this action against the

Defendants Interfood Corporation ("Interfood") and Memorial Capital Corp. ("Memorial")

(collectively, "Defendants") to recover damages incurred as a result of Interfood's breach of

certain franchise agreements with Pizzeria Uno and Memorial's breach of a guaranty agreement.

### JURISDICTION AND VENUE

1.      This Court possesses subject matter jurisdiction over this action pursuant to 28

U.S.C. § 1332(a) based on complete diversity of citizenship between the parties and because the

amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2.      This Court may exercise personal jurisdiction over the Defendants because the

Defendants contractually agreed to submit themselves to the jurisdiction of this Court.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(3) because the

Defendants contractually agreed that venue for all litigation matters between the parties

concerning the franchise agreement would be exclusively in the courts of Massachusetts.

**PARTIES**

4.      The Plaintiff, Pizzeria Uno, is a Delaware corporation with its principal offices located at 100 Charles Park Road, West Roxbury, Massachusetts.

5.      Interfood is a Puerto Rican corporation with a principal place of business located in Guaynabo, Puerto Rico.

6.       Memorial is a Puerto Rican corporation with a principal place of business located at Hato Rey, Puerto Rico.

**FACTUAL BACKGROUND**

7.      Pizzeria Uno is in the business of franchising full service casual theme restaurants featuring "Chicago Style" deep dish pizza and other food and beverage products.

<u>The Guaynabo, Puerto Rico Restaurant and Franchise Agreement</u>

8.      On or about January 1, 1994, Federico F. Sanchez, on behalf of Puerto Rico & Caribbean Uno, Inc., as franchisee, entered into a Franchise Agreement (the "Guaynabo Agreement") with Pizzeria Uno, as franchisor, which governed the opening and operation of a Pizzeria Uno restaurant at Galeria San Patricio, Calle Tabonuco, Caparra Hills, Guaynabo, Puerto Rico (the "Guaynabo Restaurant").  A copy of the Guaynabo Agreement is attached hereto as <u>Exhibit A</u>.

9.      On or about September 30, 1997, Federico F. Sanchez, on behalf of Puerto Rico & Caribbean Uno, Inc., assigned all their rights and interests in the Guaynabo Agreement to Interfood and Interfood assumed and agreed to abide by the terms and conditions of the Guaynabo Agreement.

## The Bayamon, Puerto Rico Restaurant and Franchise Agreement

10.     On or about May 28, 1998, Interfood, as franchisee, entered into a Franchise Agreement (the "Bayamon Agreement") with Pizzeria Uno, as franchisor, which governed the opening and operation of a Pizzeria Uno restaurant at Plaza del Sol, 501 West Main Street, Bayamon, Puerto Rico (the "Bayamon Restaurant").  A copy of the Bayamon Agreement is attached hereto as <u>Exhibit B</u>.

## The Carolina, Puerto Rico Restaurant and Franchise Agreement

11.     On or about May 28, 1998, Interfood, as franchisee, entered into a Franchise Agreement (the "Carolina Agreement") with Pizzeria Uno, as franchisor, which governed the opening and operation of a Pizzeria Uno restaurant at Plaza Escorial, 65 Infanteria, Km. 6.1 Barrio San Anton, Puerto Rico (the "Carolina Restaurant").  A copy of the Carolina Agreement is attached hereto as <u>Exhibit C</u>.

## The San Juan, Puerto Rico Restaurant and Franchise Agreement

12.     On or about December 30, 1999, Interfood, as franchisee, entered into a Franchise Agreement (the "San Juan Agreement") with Pizzeria Uno, as franchisor, which governed the opening and operation of a Pizzeria Uno restaurant at Ashford Avenue, Condado, San Juan, Puerto Rico (the "San Juan Restaurant").  A copy of the San Juan Agreement is attached hereto as <u>Exhibit D</u>.

## The Mayaguez, Puerto Rico Restaurant and Franchise Agreement

13.     On or about, Interfood, as franchisee, entered into a Franchise Agreement (the "Mayaguez Agreement") with Pizzeria Uno, as franchisor, which governed the opening and operation of a Pizzeria Uno restaurant at the Mayaguez Mall, Mayaguez, Puerto Rico (the "Mayaguez Restaurant").  A copy of the Mayaguez Agreement is attached hereto as <u>Exhibit E</u>.

<u>The Memorial Guaranty</u>

14.     On September 27, 2011, Memorial entered into a Personal Guaranty of Principals agreement (the "Guaranty").  A copy of the Guaranty is attached here to as <u>Exhibit F</u>.

15.     Pursuant to the Guaranty, Memorial "unconditional and irrevocably guarantee[d]" to Pizzeria Uno that all of the obligations of Interfood under the Guaynabo Agreement, the Bayamon Agreement, the Carolina Agreement, the San Juan Agreement and the Mayaguez Agreement would "be punctually paid and performed."  Exhibit F, p. 1.

16.     Through the Guaranty, Memorial further agreed that upon the default of Interfood under the Franchisee Agreements, Memorial would "immediately make each payment and perform each obligation" required of Interfood under the Franchisee Agreements.  Exhibit F, p. 1.

**COUNT I- BREACH OF CONTRACT**
**(Breach of Guaynabo Agreement- Interfood)**

17.     Pizzeria Uno realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 of this Complaint as if fully set forth herein.

18.     Pursuant to Article 5.3 of the Guaynabo Agreement, Interfood agreed to pay to Pizzeria Uno a "Continuing License Fee" (now referred to as a "royalty fee") equal to the greater of five percent (5%) of Interfood's monthly gross revenues or one thousand dollars ($1,000) per month (the "Royalty Fees").  The parties subsequently agreed that the Royalty Fees owed by Interfood under each of the franchise agreements with Pizzeria Uno would be reduced to three percent (3%) of Interfood's monthly gross revenues for the period of time from June 1, 2011 until May 31, 2013.

19.     Interfood failed to pay Royalty Fees to Pizzeria Uno for the Guaynabo Restaurant for various time periods from September 2013 through May 2014 as required by the Guaynabo Agreement.

20.     Pursuant to Article 8.1 of the Guaynabo Agreement, Interfood agreed to pay to Pizzeria Uno a non-refundable weekly "Advertising Fee" (now referred to as a "business co-op fee") in an amount designated by Pizzeria Uno, but not to exceed 1% of Interfood's gross revenues, to cover Interfood's share of advertising and marketing costs incurred by Pizzeria Uno (the "Business Co-op Fees").

21.     Interfood failed to pay Pizzeria Uno Business Co-op Fees for the Guaynabo Restaurant for various time periods from September 2013 through May 2014 as required by the Guaynabo Agreement.

22.     Interfood failed to pay Pizzeria Uno miscellaneous fees as required by the Guaynabo Agreement for the period covering January 2014 to December 2014.

23.     As of June 1, 2014, the total amount owed by Interfood to Pizzeria Uno under the Guaynabo Agreement was $61,501.00, plus interest.  The arrearage continues to grow each month that Interfood fails to make its required payments to Pizzeria Uno.

24.     Pursuant to Article 19.3 of the Guaynabo Agreement, upon the failure of Interfood to perform any of its obligations under the Agreement, including the obligation to pay promptly any monies owing to Pizzeria Uno, Pizzeria Uno has an absolute right to terminate the Guaynabo Agreement subject only to an opportunity to cure the default within thirty (30) days upon receipt of a written notice of termination from Pizzeria Uno.

25.     On June 30, 2014, Pizzeria Uno sent a demand letter to the Defendants notifying them that Interfood was in default of the Guaynabo Agreement for failure to pay Royalty Fees, Business Co-op Fees and miscellaneous fees.

26.     Despite demand, the Defendants have failed to take any steps to cure the defaults identified in the June 30, 2014 letter.

27.     Pursuant to Article 7.3 of the Guaynabo Agreement, all past due payments shall bear simple interest due from the due date until the payment is received by Pizzeria Uno at the rate of one and one-half percent (1½%) per month on the unpaid balance, or the maximum rate allowed by applicable law, whichever is less.

28.     Pursuant to Article 24.3 of the Guaynabo Agreement, Interfood agreed as follows:

> If Franchisor institutes and prevails in any court, arbitration, or any other type of action against Franchisee, or successfully defendants any such action brought against Franchisor by Franchisee, based, entirely or in part, on the terms of this Agreement, Franchisor shall be entitled to recover, in addition to any judgment or award in its favor, reasonable attorneys' fees, costs, and all of Franchisor's expenses in connection with such action.

29.     As a result of Interfood's defaults under the Guaynabo Agreement, Pizzeria Uno has suffered harm and is entitled to damages in the amount of $61,501.00, plus costs, expenses, interest and reasonable attorneys' fees incurred by Pizzeria Uno in connection with its efforts to enforce the Guaynabo Agreement.

## COUNT II- BREACH OF CONTRACT
### (Breach of Bayamon Agreement- Interfood)

30.     Pizzeria Uno realleges and incorporates by reference the allegations contained in paragraphs 1 through 7 and 10 of this Complaint as if fully set forth herein.

31.     Pursuant to Article IV(B)(1) of the Bayamon Agreement, Interfood agreed to pay to Pizzeria Uno Royalty Fees equal to the greater of four percent (4%) of Interfood's monthly

gross sales or one thousand dollars ($1,000) per month.  The parties subsequently agreed that the Royalty Fees owed by Interfood under each of the franchise agreements with Pizzeria Uno would be reduced to three percent (3%) of Interfood's monthly gross revenues for the period of time from June 1, 2011 until May 31, 2013.

32.     Interfood failed to pay Royalty Fees to Pizzeria Uno for the Bayamon Restaurant for various time periods from September 2013 through May 2014 as required by the Bayamon Agreement.

33.     Pursuant to Section VII(A) of the Bayamon Agreement, Interfood agreed to pay to Pizzeria Uno a non-refundable weekly Business Co-op Fee in an amount designated by Pizzeria Uno, but not to exceed 1% of Interfood's gross sales, to cover Interfood's share of advertising and marketing costs incurred by Pizzeria Uno.

34.     Interfood failed to pay Pizzeria Uno Business Co-op Fees for the Bayamon Restaurant for various time periods from September 2013 through May 2014 as required by the Bayamon Agreement.

35.     Interfood failed to pay Pizzeria Uno miscellaneous fees as required by the Bayamon Agreement for the period covering January 2014 to December 2014.

36.     As of June 1, 2014, the total amount owed by Interfood to Pizzeria Uno under the Bayamon Agreement was $44,851.00, plus interest.  The arrearage continues to grow each month that Interfood fails to make its required payments to Pizzeria Uno.

37.     Pursuant to Section XVI(A)(3) of the Bayamon Agreement, the failure of Interfood to pay promptly any monies owing to Pizzeria Uno constitutes an event of material default for which Pizzeria Uno has an absolute right to terminate the Bayamon Agreement

subject only to an opportunity to cure the default within ten (10) days upon receipt of a written notice of default from Pizzeria Uno.

38.     On June 30, 2014, Pizzeria Uno sent a demand letter to the Defendants notifying them that Interfood was in default of the Bayamon Agreement for failure to pay Royalty Fees, Business Co-op Fees and miscellaneous fees.

39.     Despite demand, the Defendants have failed to take any steps to cure the defaults identified in the June 30, 2014 letter.

40.     Pursuant to Section IV(E) of the Bayamon Agreement, all past due payments shall bear simple interest due from the due date until the payment is received by Pizzeria Uno at the rate of one and one-half percent (1½%) per month on the unpaid balance, or the maximum rate allowed by applicable law, whichever is less.

41.     Pursuant to Section XVI(D) of the Bayamon Agreement, Interfood and the Controlling Principals agreed to pay "all damages, costs and expenses, including interest and reasonable attorneys' fees, incurred by Franchisor [Pizzeria Uno] in connection with successfully obtaining any remedy available to Franchisor [Pizzeria Uno] for any violation of this Agreement and subsequent to the termination or expiration of this Agreement in obtaining injunctive or other relief...."

42.     As a result of Interfood's defaults under the Bayamon Agreement, Pizzeria Uno has suffered harm and is entitled to damages in the amount of $44,851.00, plus costs, expenses, interest and reasonable attorneys' fees incurred by Pizzeria Uno in connection with its efforts to enforce the Bayamon Agreement

## COUNT III- BREACH OF CONTRACT
### (Breach of Carolina Agreement- Interfood)

43.     Pizzeria Uno realleges and incorporates by reference the allegations contained in paragraphs 1 through 7 and 11 of this Complaint as if fully set forth herein.

44.     Pursuant to Article IV(B)(1) of the Carolina Agreement, Interfood agreed to pay to Pizzeria Uno Royalty Fees equal to the greater of four percent (4%) of Interfood's monthly gross sales or one thousand dollars ($1,000) per month.  The parties subsequently agreed that the Royalty Fees owed by Interfood under each of the franchise agreements with Pizzeria Uno would be reduced to three percent (3%) of Interfood's monthly gross revenues for the period of time from June 1, 2011 until May 31, 2013.

45.     Interfood failed to pay Royalty Fees to Pizzeria Uno for the Carolina Restaurant for various time periods from September 2013 through May 2014 as required by the Carolina Agreement.

46.     Pursuant to Section VII(A) of the Carolina Agreement, Interfood agreed to pay to Pizzeria Uno a non-refundable weekly Business Co-op Fee in an amount designated by Pizzeria Uno, but not to exceed 1% of Interfood's gross sales, to cover Interfood's share of advertising and marketing costs incurred by Pizzeria Uno.

47.     Interfood failed to pay Pizzeria Uno Business Co-op Fees for the Carolina Restaurant for various time periods from September 2013 through May 2014 as required by the Carolina Agreement.

48.     Interfood failed to pay Pizzeria Uno miscellaneous fees as required by the Carolina Agreement for the period covering January 2014 to December 2014.

49.    As of June 1, 2014, the total amount owed by Interfood to Pizzeria Uno under the Carolina Agreement was $42,060.00, plus interest.  The arrearage continues to grow each month that Interfood fails to make its required payments to Pizzeria Uno.

50.    Pursuant to Section XVI(A)(3) of the Carolina Agreement, the failure of Interfood to pay promptly any monies owing to Pizzeria Uno constitutes an event of material default for which Pizzeria Uno has an absolute right to terminate the Carolina Agreement subject only to an opportunity to cure the default within ten (10) days upon receipt of a written notice of default from Pizzeria Uno.

51.    On June 30, 2014, Pizzeria Uno sent a demand letter to the Defendants notifying them that Interfood was in default of the Carolina Agreement for failure to pay Royalty Fees, Business Co-op Fees and miscellaneous fees.

52.    Despite demand, the Defendants have failed to take any steps to cure the defaults identified in the June 30, 2014 letter.

53.    Pursuant to Section IV(E) of the Carolina Agreement, all past due payments shall bear simple interest due from the due date until the payment is received by Pizzeria Uno at the rate of one and one-half percent (1½%) per month on the unpaid balance, or the maximum rate allowed by applicable law, whichever is less.

54.    Pursuant to Section XVI(D) of the Carolina Agreement, Interfood and the Controlling Principals agreed to pay "all damages, costs and expenses, including interest and reasonable attorneys' fees, incurred by Franchisor [Pizzeria Uno] in connection with successfully obtaining any remedy available to Franchisor [Pizzeria Uno] for any violation of this Agreement and subsequent to the termination or expiration of this Agreement in obtaining injunctive or other relief...."

55.     As a result of Interfood's defaults under the Carolina Agreement, Pizzeria Uno has suffered harm and is entitled to damages in the amount of $42,060.00, plus costs, expenses, interest and reasonable attorneys' fees incurred by Pizzeria Uno in connection with its efforts to enforce the Carolina Agreement.

**COUNT IV- BREACH OF CONTRACT**
**(Breach of San Juan Agreement- Interfood)**

56.     Pizzeria Uno realleges and incorporates by reference the allegations contained in paragraphs 1 through 7 and 12 of this Complaint as if fully set forth herein.

57.     Pursuant to Article IV(B)(1) of the San Juan Agreement, Interfood agreed to pay to Pizzeria Uno Royalty Fees equal to the greater of four percent (4%) of Interfood's monthly gross sales or one thousand dollars ($1,000) per month.  The parties subsequently agreed that the Royalty Fees owed by Interfood under each of the franchise agreements with Pizzeria Uno would be reduced to three percent (3%) of Interfood's monthly gross revenues for the period of time from June 1, 2011 until May 31, 2013.

58.     Interfood failed to pay Royalty Fees to Pizzeria Uno for the San Juan Restaurant for various time periods from September 2013 through May 2014 as required by the San Juan Agreement.

59.     Pursuant to Section VII(A) of the San Juan Agreement, Interfood agreed to pay to Pizzeria Uno a non-refundable weekly Business Co-op Fee in an amount designated by Pizzeria Uno, but not to exceed 1% of Interfood's gross sales, to cover Interfood's share of advertising and marketing costs incurred by Pizzeria Uno.

60.     Interfood failed to pay Pizzeria Uno Business Co-op Fees for the San Juan Restaurant for various time periods from September 2013 through May 2014 as required by the San Juan Agreement.

61.     Interfood failed to pay Pizzeria Uno miscellaneous fees as required by the San Juan Agreement for the period covering January 2014 to December 2014.

62.     As of June 1, 2014, the total amount owed by Interfood to Pizzeria Uno under the San Juan Agreement was $64,177.00, plus interest.  The arrearage continues to grow each month that Interfood fails to make its required payments to Pizzeria Uno.

63.     Pursuant to Section XVI(A)(3) of the San Juan Agreement, the failure of Interfood to pay promptly any monies owing to Pizzeria Uno constitutes an event of material default for which Pizzeria Uno has an absolute right to terminate the San Juan Agreement subject only to an opportunity to cure the default within ten (10) days upon receipt of a written notice of default from Pizzeria Uno.

64.     On June 30, 2014, Pizzeria Uno sent a demand letter to the Defendants notifying them that Interfood was in default of the San Juan Agreement for failure to pay Royalty Fees, Business Co-op Fees and miscellaneous fees.

65.     Despite demand, the Defendants have failed to take any steps to cure the defaults identified in the June 30, 2014 letter.

66.     Pursuant to Section IV(E) of the San Juan Agreement, all past due payments shall bear simple interest due from the due date until the payment is received by Pizzeria Uno at the rate of one and one-half percent (1½%) per month on the unpaid balance, or the maximum rate allowed by applicable law, whichever is less.

67.     Pursuant to Section XVI(D) of the San Juan Agreement, Interfood and the Controlling Principals agreed to pay "all damages, costs and expenses, including interest and reasonable attorneys' fees, incurred by Franchisor [Pizzeria Uno] in connection with successfully obtaining any remedy available to Franchisor [Pizzeria Uno] for any violation of this Agreement

12

and subsequent to the termination or expiration of this Agreement in obtaining injunctive or other relief...."

68.     As a result of Interfood's defaults under the San Juan Agreement, Pizzeria Uno has suffered harm and is entitled to damages in the amount of $64,177.00, plus costs, expenses, interest and reasonable attorneys' fees incurred by Pizzeria Uno in connection with its efforts to enforce the San Juan Agreement.

**COUNT V- BREACH OF CONTRACT**
**(Breach of Mayaguez Agreement- Interfood)**

69.     Pizzeria Uno realleges and incorporates by reference the allegations contained in paragraphs 1 through 7 and 13 of this Complaint as if fully set forth herein.

70.     Pursuant to Article IV(B)(1) of the Mayaguez Agreement, Interfood agreed to pay to Pizzeria Uno Royalty Fees equal to the greater of four percent (4%) of Interfood's monthly gross sales or one thousand dollars ($1,000) per month.  The parties subsequently agreed that the Royalty Fees owed by Interfood under each of the franchise agreements with Pizzeria Uno would be reduced to three percent (3%) of Interfood's monthly gross revenues for the period of time from June 1, 2011 until May 31, 2013.

71.     Interfood failed to pay Royalty Fees to Pizzeria Uno for the Mayaguez Restaurant for various time periods from September 2013 through May 2014 as required by the Mayaguez Agreement.

72.     Pursuant to Section VII(A) of the Mayaguez Agreement, Interfood agreed to pay to Pizzeria Uno a non-refundable weekly Business Co-op Fee in an amount designated by Pizzeria Uno, but not to exceed 1% of Interfood's gross sales, to cover Interfood's share of advertising and marketing costs incurred by Pizzeria Uno.

73.     Interfood failed to pay Pizzeria Uno Business Co-op Fees for the Mayaguez Restaurant for various time periods from September 2013 through May 2014 as required by the Mayaguez Agreement.

74.     Interfood failed to pay Pizzeria Uno miscellaneous fees as required by the Mayaguez Agreement for the period covering January 2014 to December 2014.

75.     As of June 1, 2014, the total amount owed by Interfood to Pizzeria Uno under the Mayaguez Agreement was $42,414.00, plus interest.  The arrearage continues to grow each month that Interfood fails to make its required payments to Pizzeria Uno.

76.     Pursuant to Section XVI(A)(3) of the Mayaguez Agreement, the failure of Interfood to pay promptly any monies owing to Pizzeria Uno constitutes an event of material default for which Pizzeria Uno has an absolute right to terminate the Mayaguez Agreement subject only to an opportunity to cure the default within ten (10) days upon receipt of a written notice of default from Pizzeria Uno.

77.     On June 30, 2014, Pizzeria Uno sent a demand letter to the Defendants notifying them that Interfood was in default of the Mayaguez Agreement for failure to pay Royalty Fees, Business Co-op Fees and miscellaneous fees.

78.     Despite demand, the Defendants have failed to take any steps to cure the defaults identified in the June 30, 2014 letter.

79.     Pursuant to Section IV(E) of the Mayaguez Agreement, all past due payments shall bear simple interest due from the due date until the payment is received by Pizzeria Uno at the rate of one and one-half percent (1½%) per month on the unpaid balance, or the maximum rate allowed by applicable law, whichever is less.

80.     Pursuant to Section XVI(D) of the Mayaguez Agreement, Interfood and the Controlling Principals agreed to pay "all damages, costs and expenses, including interest and reasonable attorneys' fees, incurred by Franchisor [Pizzeria Uno] in connection with successfully obtaining any remedy available to Franchisor [Pizzeria Uno] for any violation of this Agreement and subsequent to the termination or expiration of this Agreement in obtaining injunctive or other relief...."

81.     As a result of Interfood's defaults under the Mayaguez Agreement, Pizzeria Uno has suffered harm and is entitled to damages in the amount of $42,414.00, plus costs, expenses, interest and reasonable attorneys' fees incurred by Pizzeria Uno in connection with its efforts to enforce the Mayaguez Agreement.

## COUNT VI- BREACH OF CONTRACT
### (Breach of Guaranty- Memorial)

82.     Pizzeria Uno realleges and incorporates by reference the allegations in paragraphs 1 through 81 of this Complaint as if fully set forth herein.

83.     Pursuant to the Guaranty, Defendant Memorial is obligated to pay the amounts owed to Pizzeria Uno for Interfood's breach of the Guaynabo Agreement, the Bayamon Agreement, the Carolina Agreement, the San Juan Agreement and the Mayaguez Agreement.

84.     Despite demand, Memorial has failed to pay the amounts owed to Pizzeria Uno pursuant its obligations under the Guaranty.

85.     As a result of Memorial's breach, Pizzeria Uno has suffered harm and is entitled to recover damages in the amount of $255,003.00, plus costs, expenses, additional interest and reasonable attorneys' fees incurred by Pizzeria Uno in connection with its efforts to enforce the Guaynabo Agreement, the Bayamon Agreement, the Carolina Agreement, the San Juan Agreement and the Mayaguez Agreement.

WHEREFORE, the Plaintiff Pizzeria Uno Corporation requests that this Court:

a).     enter judgment in favor of Pizzeria Uno Corporation against Defendant Interfoods Corporation on Count I in the amount $61,501.00, plus such amount as the Court determines for Pizzeria Uno Corporation's additional damages, interest, expenses, reasonable attorneys' fees and costs;

b).     enter judgment in favor of Pizzeria Uno Corporation against Defendant Interfoods Corporation on Count II in the amount $44,851.00, plus such amount as the Court determines for Pizzeria Uno Corporation's additional damages, interest, expenses, reasonable attorneys' fees and costs;

c).     enter judgment in favor of Pizzeria Uno Corporation against Defendant Interfoods Corporation on Count III in the amount $42,060.00, plus such amount as the Court determines for Pizzeria Uno Corporation's additional damages, interest, expenses, reasonable attorneys' fees and costs;

d).     enter judgment in favor of Pizzeria Uno Corporation against Defendant Interfoods Corporation on Count IV in the amount $64,177.00, plus such amount as the Court determines for Pizzeria Uno Corporation's additional damages, interest, expenses, reasonable attorneys' fees and costs;

e).     enter judgment in favor of Pizzeria Uno Corporation against Defendant Interfoods Corporation on Count V in the amount $42,414.00, plus such amount as the Court determines for Pizzeria Uno Corporation's additional damages, interest, expenses, reasonable attorneys' fees and costs;

f).     enter judgment in favor of Pizzeria Uno Corporation against Defendant Memorial Capital Corporation on Count VI in the amount $255,003.00, plus such amount as the Court

determines for Pizzeria Uno Corporation's additional damages, interest, expenses, reasonable attorneys' fees and costs;

      g).      enter any other relief as the Court deems necessary and proper.

**PIZZERIA UNO CORPORATION,**

**By its attorneys,**

/s/ James F. Radke
James F. Radke, BBO# 667299
Murtha Cullina LLP
99 High Street
Boston, MA 02110-2320
Telephone:  617.457.4000
Facsimile:  617.482.3868
Dated:  July 16, 2014     jradke@murthalaw.com

17